IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DONALD GENE BLANTON, § | | |
| TDCJ #1307891, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-06-2487 |
| § | | |
| NATHANIEL QUARTERMAN, Director, § | | |
| Texas Department of Criminal Justice - § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent. § | | |

**MEMORANDUM AND ORDER**

The petitioner, Donald Gene Blanton, is a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). Blanton has filed a petition for a federal writ of habeas corpus to challenge the result of a prison disciplinary conviction. At the Court's request, Blanton has filed an amended version of his petition. (Doc. #5). He has also provided a memorandum in support. (Doc. #6). After reviewing all of the pleadings and the applicable law under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be **dismissed** for reasons set forth below.

**I.      BACKGROUND**

Blanton discloses that he is presently in custody as the result of more than one felony conviction entered against him on June 29, 2005, in the 86th District Court of Kaufman County, Texas, for possession of a controlled substance and for tampering with physical

evidence. A habitual offender, Blanton is presently serving terms of twenty years and life imprisonment, respectively, as a result of these convictions. *See Blanton v. State*, No. 05-05-01060-CR & 05-05-01061-CR, 2006 WL 2036615 (Tex. App. — Dallas July 21, 2006). Blanton does not challenge any of his underlying convictions here. Instead, he challenges the result of a prison disciplinary proceeding lodged against him at the Wynne Unit in Huntsville, Texas, where he presently resides.

According to the pleadings, officials at the Wynne Unit issued charges against Blanton in disciplinary case #20060212384 for violating prison rules by threatening to inflict harm on another offender. Blanton spent four days in pre-hearing detention before he was convicted of the disciplinary charges against him on April 4, 2006. As a result of the disciplinary conviction, prison officials suspended Blanton's commissary privileges for forty-five days, he was restricted to his cell for forty-five days, his access to personal property was restricted, his contact visits were restricted for ninety days, and he was reduced in class status from S3 to L1. Blanton indicates that he challenged the result of his disciplinary proceeding by filing a Step 1 and Step 2 grievance, but his appeal was unsuccessful.

Blanton now seeks a federal writ of habeas corpus to challenge his disciplinary conviction in case #20060212384. In four related grounds, Blanton argues that he was denied due process at his disciplinary proceeding. Notwithstanding the arguments made in the petition, the Court finds that Blanton is not entitled to federal habeas corpus relief as a matter of law for reasons discussed below.

**II.    DISCUSSION**

2

The petitioner in this case seeks federal habeas corpus relief from a prison disciplinary conviction. The federal writ of habeas corpus is an extraordinary remedy which shall not extend to any prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) & 2254(a); *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993) (explaining that "the writ of habeas corpus has historically been regarded as an extraordinary remedy, a bulwark against convictions that violate fundamental fairness"). Thus, to prevail on his request for federal habeas corpus relief the petitioner must establish a constitutional violation.

In the disciplinary hearing context a prisoner's rights, if any, are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). Prisoners charged with institutional rules violations, however, are entitled to rights under the Due Process Clause *only* when the disciplinary action may result in a sanction that will infringes upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995). Liberty interests emanate from either the Due Process Clause itself or from state law. *See Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989). Liberty interests arising from state law are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, . . . , nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484 (internal citations omitted). Only those state-created substantive interests that "inevitably affect the duration of [a

3

prisoner's] sentence" may qualify for constitutional protection under the Due Process Clause. *Id*. at 487. *See also Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059 (1996).

In Texas, only those sanctions resulting in the loss of good-time credits by inmates eligible for release on mandatory supervision or otherwise directly and adversely affecting release on mandatory supervision will result in an imposition upon a protected liberty interest. *See Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000). Blanton concedes that he did not lose any good-time credits as a result of the prison disciplinary conviction at issue in his petition.[1] (Doc. #5, *Amended Petition*, ¶ 18). As punishment, Blanton's commissary and property privileges were temporarily curtailed, he was confined to his cell for forty-five days, and reduced in classification status. As noted briefly below, these sanctions do not implicate a liberty interest of the sort protected by the Due Process Clause.

According to well-settled precedent, sanctions that are "merely changes in the conditions of [an inmate's] confinement" do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). The imposition of a restriction on commissary or recreation privileges, and a cell restriction or solitary confinement on a temporary basis, are the type of sanctions that do not pose an atypical or significant hardship beyond the

---

[1] Even if good-time credits were taken, Blanton indicates that he is serving a life sentence. Texas inmates serving a life sentence are not eligible for release on mandatory supervision and do not have a constitutionally protected liberty interest in such release. *See Arnold v. Cockrell*, 306 F.3d 277, 279 (5th Cir. 2002); *Ex parte Franks*, 71 S.W.3d 327, 328 (Tex. Crim. App. 2001).

ordinary incidents of prison life. *See Madison*, 104 F.3d at 768; *see also Sandin*, 515 U.S. at 486 (refusing to recognize a liberty interest in administrative segregation). In addition, a reduction in a prisoner's class status and its potential impact on good-time credit earning ability are not protected by the Due Process Clause. *See Malchi*, 211 F.3d at 958; *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995), *cert. denied*, 517 U.S. 1196 (1996). Thus, Blanton's request for federal habeas corpus relief from these sanctions is without merit.

In addition, prison officials also restricted Blanton's visitation privileges for ninety days. It is well settled that inmates have no absolute constitutional right to receive visits while in prison. *See McCray v. Sullivan*, 509 F.2d 1332, 1334 (5th Cir.), *cert. denied*, 423 U.S. 859 (1975). In that regard, the Fifth Circuit has held repeatedly that "[v]isitation privileges are a matter subject to the discretion of prison officials." *Berry v. Brady*, 192 F.3d 504, 508 (5th Cir. 1999) (quoting *McCray*, 509 F.2d at 1334)); *see also Evans v. Johnson*, 808 F.2d 1427, 1428 (5th Cir. 1987); *Thorne v. Jones*, 765 F.2d 1270, 1273 (5th Cir. 1985), *cert. denied*, 475 U.S. 1016 (1986); *Lynott v. Henderson*, 610 F.2d 340, 342 (5th Cir. 1980). The Supreme Court has acknowledged that the withdrawal of visitation privileges for a limited period as a means of effecting prison discipline "is not a dramatic departure from accepted standards for conditions of confinement." *Overton v. Bazzetta*, 539 U.S. 126, 137 (2003) (citing *Sandin*, 515 U.S. at 485). It follows that the limited restriction on Blanton's visitation privileges does not merit due process protection in this case.

Because the sanctions assessed against Blanton do not implicate a protected liberty interest, any claim by him concerning his disciplinary conviction fails to establish the

5

requisite constitutional violation as a matter of law. Absent an allegation that the petitioner has been deprived of some right secured to him by the United States Constitution or laws of the United States, federal habeas corpus relief is not available. *See Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059 (1996); *Hilliard v. Board of Pardons and Paroles*, 759 F.2d 1190, 1192 (5th Cir. 1985). Accordingly, Blanton's petition must be dismissed.

### III.   CERTIFICATE OF APPEALABILITY

The federal habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. § 2253. Therefore, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling

standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that jurists of reason would not debate whether the petitioner has stated a valid claim or whether any procedural ruling in this case was correct. Accordingly, a certificate of appealability will not issue in this case.

**IV.   CONCLUSION**

Based on the foregoing, the Court **ORDERS** as follows:

1. The petitioner's motion for leave to proceed *in forma pauperis* (Docket Entry No. 7) is **GRANTED**.

2. The petition for a federal writ of habeas corpus and supporting memorandum seeking relief (Doc. #5, #6) are **DENIED**, and this case is **DISMISSED** with prejudice.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on **August 31, 2006.**

Nancy F. Atlas
United States District Judge